[No. 14303.   Department Two.   February 7, 1918.]

Thomas R. Mann, *Respondent*, v. American Bonding Company of Baltimore, Maryland, *Appellant*.[1]

Appeal—Review—Harmless Error.  In granting a new trial, it is not prejudicial that the motion for new trial was premature, under Rem. Code, § 402, providing that the same must be filed two days after notice of the decision of the court.

Appeal—Review—Discretion—New Trial.  The granting of a new trial will not be disturbed on appeal unless abuse of discretion is shown.

Appeal—Review—New Trial.  Upon the granting of a new trial for newly discovered evidence, the question of the sufficiency of the evidence to sustain the judgment is not before the court.

Appeal from an order of the superior court for Spokane county, Kennan, J., entered January 3, 1917, granting a new trial, after a judgment entered upon findings in favor of the defendants, in an action upon an official bond.  Affirmed.

*Danson, Williams & Danson (George D. Lantz,* of counsel), for appellant.

*Mark F. Mendenhall (Arthur H. Steake,* of counsel), for respondent.

Morris, J.—Respondent brought this action against appellant, as surety upon the official bond of James H. Cook, a notary public, to recover damages alleged to have resulted to respondent through the failure of the notary to use due diligence in ascertaining the identity of the grantor in a deed conveying certain property in Stevens county to one Otto G. Sweet, who subsequently conveyed the property to one Erickson, from whom respondent took a mortgage as security for a loan of $650.  Issue being joined, a trial to the court resulted in a dismissal of the action, the court finding that the

[1]Reported in 170 Pac. 565.

notary exercised due care in taking the acknowledgment complained of. This determination was announced by the lower court at the conclusion of the trial on September 5, 1916. On September 7th, respondent filed a motion for a new trial, asking for an extension of time of sixty days in which to file affidavits under a claim of newly discovered evidence. The extension was granted and, in due time, respondent filed affidavits in support of his motion. On January 3, 1917, the lower court signed findings of fact and conclusions of law in accordance with its announced oral decision at the conclusion of the trial, and immediately thereafter, on the same day, made an order granting a new trial upon the ground of newly discovered evidence. The appeal is taken from this order.

The first error assigned is that the motion for a new trial was premature and ineffectual for any purpose, in that it was filed prior to the making of findings of fact and conclusions of law. Our statute (Rem. Code, § 402) provides that the party moving for a new trial must, within two days after the verdict of a jury, if the action is tried by a jury, or two days after notice in writing of the decision of the court, if the action was tried without a jury, file with the clerk, and serve upon the adverse party, his motion for a new trial, designating the grounds upon which it will be made. On appeal from an order denying a motion for a new trial, the time of the filing of the motion might become material in determining whether or not there was any basis for reviewable error; but when, as here, the appeal is from an order granting a new trial, we fail to see how the time of the filing of the motion has resulted in any prejudice to the appellant.

The second error complained of is that the showing for a new trial is insufficient. The granting of new trials invokes the discretion of the lower court, a dis-

cretion that will not be interfered with except for manifest abuse. No showing of abuse is here made.

Appellant argues that there is no showing in the record of the source of Erickson's title. No question arises on this appeal of the sufficiency of the evidence to sustain a judgment for respondent. The only question here arises out of the appellant's assignment of error in the filing and granting of the motion for a new trial.

The order appealed from is affirmed.

ELLIS, C. J., MOUNT, CHADWICK, and HOLCOMB, JJ., concur.